**Mooshikh ESAGOLIAN; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73740.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 4, 2007.

Boris Baladjanian, Valencia, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Dorothy A. Schouten, Esq., San Francisco, CA, USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Charles J. Kovats, Jr., Esq., USR—Office of the U.S. Attorney, Riverside, CA, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and TASHIMA, *Circuit Judges.*

MEMORANDUM **

Mooshikh Esagolian and Wartohi Derhyrapetian, natives and citizens of Iran, petition for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's finding that persecution was not on account of a protected ground. Esagolian testified that government officials referenced his Armenian ethnicity while they were beating him, and that officials referenced his religion prior to his arrest. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1077 (9th Cir.2004).

Furthermore, substantial evidence does not support the IJ's finding that the beating and detention which Esagolian experienced failed to rise to the level of persecution. *See Chand,* 222 F.3d at 1073–74 (stating that "[p]hysical harm has consis-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tently been treated as persecution," and holding that the cumulative impact of harm, including economic injury, compelled a finding of past persecution).

Accordingly, we grant the petition for review and remand the case to the BIA for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.